# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CRIMINAL ACTION NO. 3:99-CR-27-H-1

UNITED STATES OF AMERICA                                           PLAINTIFF/RESPONDENT

v.

JAMES FREEMAN                                                               DEFENDANT/MOVANT

## MEMORANDUM OPINION AND ORDER

The petitioner, James Freeman, is serving a 280-month federal sentence resulting from his 2000 conviction on a four-count indictment. Currently before the Court is a motion by Freeman under the All Writs Act, 28 U.S.C. §1651, seeking a Writ of Error Coram Nobis. He asks that this Court enter such a writ to set aside his conviction on Count 4 of the indictment. He contends he is "actually innocent" of Count 4. He explains that his conviction on that count was the product of an improper jury charge, perjury, prosecutorial misconduct, and ineffective assistance of counsel.

"Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character -- *e.g.,* errors rendering the proceedings themselves invalid." *United States v. Lee*, 237 F.3d 751, 755 (6th Cir. 2001) (citing *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir. 1996)). A federal criminal defendant who is serving his federal sentence is not eligible to seek relief from his conviction through a writ of error coram nobis. *United States v. Sandles*, 469 F.3d 508, 517-18 (6th Cir. 2006); *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001); *Blanton*, 94 F. 3d. at 231. This is because a federal criminal defendant who is serving a term of incarceration has statutory remedies under which he can attack his conviction or sentence, pursuant 28 U.S.C. § 2255, for instance. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not

otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."). Even if a defendant has exhausted his § 2255 remedies, so that relief under that provision is no longer available, "a prisoner in custody is barred from seeking a writ of error *coram nobis*." *Johnson*, 237 F. 3d at 755.

In this case, Freeman has already repeatedly sought relief from his conviction and his sentence. His motions have been denied, but clearly demonstrate that he has had adequate opportunity to present, and has in fact presented, the arguments he offers in support of this most recent motion. Additionally, Freeman remains able to seek permission from the Sixth Circuit to file a second or successive motion under § 2255. Thus, technically there is still a statutory mechanism available through which Freeman can challenge his conviction and sentence. *See* 28 U.S.C. § 2255(h).

For these reasons, **IT IS HEREBY ORDERED** that Freeman's motion (DN 197) is **DENIED**.

Date:

cc:    Defendant/Movant, *pro se*

4412.008